UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANTONIO VELASQUEZ, JR.,

                         Plaintiff,

      -against-

METRO FUEL OIL CORP., APOLLO
PETROLEUM TRANSPORT LLC, and
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, CHAUFFEURS,
WAREHOUSEMEN AND HELPERS OF
AMERICA (AFL-CIO) LOCAL 553,

                         Defendants.
----------------------------------------------------------------X

**ORDER**

12-CV-01548 (NGG) (LB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ NOV 20 2012 ★
BROOKLYN OFFICE

NICHOLAS G. GARAUFIS, United States District Judge.

On September 21, 2012, Plaintiff Antonio Velasquez moved to amend his Complaint (Mot. to Amend (Dkt. 32)) and for a "Worldwide Mareva Injunction" against Defendants (Mot. for Mareva Inj. (Dkt. 33)). On September 27, 2012, the court referred both motions to Magistrate Judge Lois Bloom for a report and recommendation ("R&R"). Later on September 27, 2012, Judge Bloom denied Plaintiff's motion to amend without prejudice because he failed to attach his proposed amended complaint. (Sept. 27, 2012, Order.) On October 4, 2012, Plaintiff withdrew his motion to amend but "reassert[ed]" his motion for a "Worldwide Mareva Injunction." (Dkt. 36.) On October 25, 2012, Judge Bloom issued her R&R recommending that the court deny Plaintiff's motion for a Mareva injunction because federal courts do not have the power to issue such an injunction. (R&R (Dkt. 37) at 2-3.)

On September 27, 2012, Defendants Metro Fuel Oil Corporation and Apollo Petroleum Transport LLC ("Bankrupt Defendants") filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of New York under Chapter 11 of Title 11 of the United States Code. (Notice of Bankruptcy (Dkt. 38).) Section 362(a) of Chapter 11 provides that such a petition

1

"operates as a stay . . . of (1) the . . . continuation . . . of a judicial . . . action or proceeding against the debtor that was . . . commenced" before the filing of the petition. 11 U.S.C. § 362(a). The court therefore lacks the authority rule on Plaintiff's motion insofar as it seeks a <u>Mareva</u> injunction against the Bankrupt Defendants.

Defendant International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (AFL-CIO) Local 553 ("Teamsters"), however, is not affected by the bankruptcy petition. "[A] suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing." <u>Queenie, Ltd. v. Nygard Int'l</u>, 321 F.3d 282, 287 (2d Cir. 2003) (quoting 3 <u>Collier on Bankruptcy</u> § 362.03[3][d] (16th ed. 2011)); <u>see also</u> <u>Uto v. Job Site Servs., Inc.</u>, 444 B.R. 222, 224 (E.D.N.Y. 2011) ("It is well-established that 'stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants.'" (quoting <u>Teachers Ins. & Annuity Ass'n of Am. v. Butler</u>, 803 F.2d 61, 65 (2d Cir. 1986)). The stay applies to non-debtor codefendants only where there are "unusual circumstances"; that is, when "a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." <u>Queenie</u>, 321 F.3d at 287. The Second Circuit has provided three examples of unusual circumstances: (1) a claim to establish an obligation of which the debtor is a guarantor; (2) a claim against a debtor's insurer; and (3) cases where "there is such identity" between the debtor and co-defendant that the debtor "may be said to be the real party defendant." <u>Id.</u> at 288 (citation omitted). However, "a 'stay clearly cannot be extended to the non-debtor' under the unusual-circumstances test 'where the debtor and non-debtor co-defendant 'are joint tortfeasors . . . .'" <u>DeSouza v. PlusFunds Grp., Inc.</u>, No. 05-CV-5990 (RCC) (JCF), 2006 WL 2168478, at *3 (S.D.N.Y. Aug. 6, 2006) (citation omitted).

Here, Bankrupt Defendants and Teamsters are alleged joint tortfeasors because Plaintiff claims that they all discriminated against and inflicted emotional distress on Plaintiff when he alerted them to

2

certain safety hazards. (See Compl. (Dkt. 1) at 5-9.) Moreover, there is no indication that a claim against Teamsters, Plaintiff's former union, will affect the Bankrupt Defendants, Plaintiff's former employers. Accordingly, the court may rule on Plaintiff's motion insofar as it seeks a Mareva injunction against Teamsters.

Neither Plaintiff nor Teamsters has objected to Judge Bloom's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). Therefore, the court reviews the portion of Judge Bloom's R&R related to Plaintiff's claim against Teamsters for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). Finding no clear error, the court ADOPTS this part of the R&R. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007). Accordingly, the court DENIES Plaintiff's motion for a Mareva injunction as to Defendant Teamsters.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
November 19, 2012

NICHOLAS G. GARAUFIS
United States District Judge

3